UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN GORDON,** | : | CIV NO. 3:24-cv-1820 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **GREG S. GORDON AND** | : | |
| **LISA FERRARO,** | : | |
| | : | |
| **Defendants.** | : | |

MEMORANDUM OPINION

I.   Statement of Facts and of the Case

This litigation calls to mind Tolstoy's observation that: "All happy families are alike; each unhappy family is unhappy in its own way." This estate dispute begins with the death of Lydia Gordon in May 2023, who left behind three children as survivors of her estate, John Gordon, Lisa Ferraro, and Greg Gordon. (Doc. 1-1). The *pro se* plaintiff in this case, John Gordon, alleges that his siblings Lisa Ferraro and Greg Gordon engaged in a series of unlawful activities before and after the death of their mother, including "death threats, intense harassment, pressure, insidious machination, extortion, coercion, larceny, slander, scorn, [and] criminal mischief," in an effort to reduce his rights and take over her estate. (Id., at 2). This prolix complaint is rife with family drama but short on facts which seem to allege a plausible cause of action upon which this Court can grant relief. Indeed, many of the

1

vague allegations in the complaint amount to unactionable family disputes, including decisions made about the care of the decedent leading up to her death as well as decisions regarding the administration of her estate after her passing. The plaintiff demands $7 million for punitive and "exemplary" damages for these alleged abuses but admits that any actual damages are unknown. (Doc. 1-2).

On November 19, 2024, the defendants filed a motion to dismiss the plaintiff's complaint. The parties consented to magistrate jurisdiction and this case was referred to the undersigned on April 24, 2025. In their motion to dismiss, the defendants argue both that this complaint runs afoul of Federal Rule of Civil Procedure 8's basic injunction that, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and that this Court lacks subject matter jurisdiction over the plaintiff's claims since they are subject to a state court settlement. (Docs. 12, 14). Upon review, we agree, and conclude that the complaint, as currently pleaded, is simply too vague and unclear to determine whether a cause of action exists. Moreover, to the extent that the plaintiff alleges that he is entitled to these damages based upon the misadministration of his mother's estate, his complaint falters of a single fatal flaw: As the defendants have pointed out, the parties executed an agreement to settle the Estate of Lydia Gordon on November 29, 2023, the terms of which require challenges to the agreement to be litigated in state court. Accordingly, we will grant the defendants'

motion to dismiss without prejudice to this *pro se* plaintiff filing an amended complaint clarifying his causes of action and the basis of jurisdiction in this Court.

## II.     Discussion

### A. Motions to Dismiss Under Rule 12(b)(1) and 12(b)(6)—Standards of Review.

#### 1.     Rule 12(b)(1)

The defendants have moved to dismiss the plaintiff's complaint citing Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil procedure. Rule 12(b)(1) permits the dismissal of an action for "lack of subject matter jurisdiction." A motion to dismiss under Rule 12(b)(1) thus challenges the power of the court to hear a case or consider a claim. Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006). When faced with a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction. Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000); see also Kehr Packages v. Fidelcor, Inc., 926 F. 2d 1406, 1409 (3d Cir. 1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion").

A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. See Morten v. First Fed. Sav. And Loan Ass'n, 549 F. 2d 884, 891 (3d Cir. 1997). First, a facial attack "contests the sufficiency of the pleadings." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F. 3d 181,

187-88 (3d Cir. 2006)). Such a facial challenge "attacks the complaint on its face without contesting its alleged facts, [and] is like a 12(b)(6) motion in requiring the court 'to consider the allegations of the complaint as true.'" Hartig Drug Company, Inc. v. Senju Pharmaceutical Co. Ltd., 836 F. 3d 261, 268 (3d Cir. 2006). Thus, in ruling on such a motion, the court assumes the truth of the allegations in the complaint but must analyze the pleadings to determine whether they state an action that comes within the court's jurisdiction. United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F. 3d 506, 514 (3d Cir. 2016). A facial 12(b)(1) motion should be granted only if it appears certain that the assertion of subject matter jurisdiction is improper. Kehr Packages, 926 F. 2d 1406, 1408-09 (3d Cir. 1991); Empire Kosher Poultry, Inc. v. United Food & Commercial Workers Health & Welfare Fund of Ne. Pa., 285 F. Supp. 3d 573, 577 (M.D. Pa. 2003).

In contrast, a "factual" attack on subject matter jurisdiction asserts that, although the pleadings facially satisfy jurisdictional requirements, one or more allegations in the complaint is untrue, which therefore causes the action to fall outside the court's jurisdiction. Carpet Group, Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F. 3d 62, 69 (3d Cir. 2000); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1997). In ruling on factual challenges, a court must consider the merits of the disputed allegations, since "the trial court's . . . very power to hear the case" is in dispute. Mortensen, 549 F.2d at 891.

## 2. Rule 12(b)(6).

While Rule 12(b)(1) considers the power of the court to hear a case, a motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, –U.S.–, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's

bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).

> This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861, 182 L.Ed.2d 644 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir.

8

2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

It is against these legal guideposts that we assess the legal sufficiency of this complaint.

### A. The Complaint Should Be Dismissed Under Rule 8 of the Federal Rules of Civil Procedure.

At the outset, dismissal of this complaint is warranted because the complaint plainly fails to comply with Rule 8's basic injunction that, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct.'" Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007) (citing Fed.R.Civ.P. 8(e)(1)). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is not only of an unwieldy

9

length, but it is also largely unintelligible", Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate.  See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos, 236 F.App'x at 787; Scibelli, 219 F.App'x at 222;  Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n. 1 (5th Cir. 2005).

Dismissal under Rule 8 is also proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]," Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, 441 F.App'x 109 (3d Cir. 2011). Similarly, dismissal is appropriate in "those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. at 110 (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir.1995) (quotations omitted); see also Tillio v. Northland Grp. Inc., 456 F. App'x 78, 79 (3d Cir. 2012). Further, a complaint may be dismissed under Rule 8 when the pleading is simply illegible and cannot be understood. See, e.g., Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Moss v. United States, 329 F. App'x 335 (3d Cir. 2009) (dismissing illegible complaint); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005) (dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff]

10

seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006) (dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) (dismissing illegible complaint).

These principles apply here and compel the dismissal of this complaint in its current form since the plaintiff's complaint, while strident, leaves "defendants having to guess what of the many things discussed constituted [a cause of action]." Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011). Therefore Rule 8 compels dismissal of the complaint in its entirety.

### B. The Surrogate's Court of The State of New York County of West Chester Maintains Jurisdiction Over the Estate Settlement Agreement.

The defendants have also moved to dismiss the plaintiff's complaint citing Rule 12(b)(1) of the Federal Rules of Civil procedure. First, they argue that diversity jurisdiction does not exist, since the plaintiff is simply not entitled to the $7 million he demands and has not shown in good faith that the amount in controversy exceeds $75,000. It is well-settled that federal courts are courts of limited jurisdiction. Therefore, we can only exercise jurisdiction over a case to the extent that Congress has expressly conferred jurisdiction upon federal courts. As a general rule, there are two primary grounds for federal district court jurisdiction over a civil lawsuit. The principal ground for invoking the jurisdiction of a federal court is known as federal

11

question jurisdiction. Under this provision, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." 28 U.S.C. § 1332(a)(1). This ground of federal jurisdiction is known as diversity jurisdiction. As the Third Circuit has explained:

> In determining the amount in controversy, "the sum claimed by the plaintiff controls" unless it "appear[s] to a legal certainty" that the plaintiff cannot recover that amount. . . . Under the Rule 12(b)(1) standard, a claim fails to invoke the District Court's jurisdiction only if it is "wholly insubstantial and frivolous."

Coulter v. Paul Laurence Dunbar Cmty. Ctr., 685 F. App'x 161, 164 (3d Cir. 2017) (quoting Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 395 (3d Cir. 2016); Lunderstadt v. Colafella, 885 F.2d 66, 70 (3d Cir. 1989) (emphasis in original) (internal citations omitted).

Thus, the standard governing the amount in controversy threshold is a forgiving one in favor of the plaintiff but one that must at the very least be tethered to reality. On this score, we agree that the plaintiff's $7 million punitive and exemplary damages demand based upon these vague, sweeping allegations against the defendants is untethered from any comprehensible or factual calculation we can deduce from the face of the complaint, especially where the plaintiff has also

conceded that the amount of actual damages is "unknown." The very fact that the amount is either $7 million or unknowable suggests that more clarity is needed forecloses our ability to meaningfully decide whether or not his claim meets the requirements of diversity jurisdiction.[1]

This view is compounded by the fact that the gravamen of the plaintiff's complaint challenges the administration of the estate of the parties' mother, Lydia Gordon, yet it appears all parties entered into an informal settlement of the estate in May 2023 before the Surrogate's Court of the State of New York County of Westchester. (Doc. 12-1). Indeed, the express language of the settlement agreement, signed by all parties, states that: "The Surrogate's Court of the State of New York, County of Westchester, shall retain jurisdiction over the parties for the purpose of resolving any dispute that may arise out of or in connection with the interpretation, performance, or non-performance of any of the terms and conditions of this Agreement." (Id., ¶ 17). Thus, to the extent that the plaintiff attempts to relitigate the terms of the settlement agreement, he must do so according to its terms and raise such claims in the Surrogate's Court of the State of New York, County of Westchester.

---

[1] Similarly, more clarity will be needed before we can decide on the issue of whether the Court has personal jurisdiction over the defendants, another argument raised by the defendants but one which, in our view, is unable to be resolved on the facts of the complaint as currently pleaded.

13

Simply put, more clarity is needed on the part of the plaintiff as to the causes of action he alleges and whether they can properly be heard in federal court. Accordingly, we will grant the defendants' motion and dismiss the complaint in its current form. Nonetheless, since it is well-settled that "in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety unless it is clear that granting further leave to amend would be futile or result in undue delay," Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (citing Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007)), the plaintiff will be afforded the opportunity to submit an amended complaint which is concisely and directly states his claims for relief and the basis of this Court's jurisdiction.

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Date: April 29, 2025