## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN GORDON,** | : | **CIV NO. 3:24-cv-1820** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **GREG S. GORDON AND** | : | |
| **LISA FERRARO, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM OPINION</u>

### I.     <u>Statement of Facts and of the Case</u>

This case, which comes before us for consideration of a motion to dismiss, (Doc. 23), the plaintiff's amended complaint, (Doc. 21), once again reminds us of Tolstoy's observation that: "All happy families are alike; each unhappy family is unhappy in its own way." This litigation arises from an estate dispute that began with the death of Lydia Gordon in May 2023. It seems that Lydia Gordon left behind three children as survivors of her estate, John Gordon, Lisa Ferraro, and Greg Gordon. (Doc. 1-1). These children have plainly had disagreements and disputes concerning the dissolution of their mother's estate. From these seeds of familial discord, a course of acrimonious litigation has grown.

In his initial *pro se* complaint, the plaintiff, John Gordon, alleged that his siblings Lisa Ferraro and Greg Gordon engaged in a series of unlawful activities

before and after the death of their mother, including "death threats, intense harassment, pressure, insidious machination, extortion, coercion, larceny, slander, scorn, [and] criminal mischief," in an effort to reduce his rights and take over her estate. (Id., at 2). This prolix complaint was rife with family unhappiness but short on facts alleging a plausible cause of action upon which this Court can grant relief.

On November 19, 2024, the defendants filed a motion to dismiss the plaintiff's initial complaint. (Doc. 12). The parties consented to magistrate jurisdiction and this case was referred to the undersigned on April 24, 2025. Upon consideration, we agreed that the complaint, as pleaded, was simply too vague and unclear to determine whether a cause of action exists. Moreover, we noted that the parties executed an agreement to settle the Estate of Lydia Gordon on November 29, 2023, the terms of which require challenges to the agreement to be litigated in state court. Accordingly, we granted the defendants' motion to dismiss without prejudice to this *pro se* plaintiff filing an amended complaint clarifying his causes of action and the basis of jurisdiction in this Court. (Docs. 16, 17).

John Gordon has now filed an amended complaint, (Doc. 21), which has inspired yet another motion to dismiss by defendants Lisa Ferraro and Greg Gordon. (Doc. 23).[1] This motion is briefed and is, therefore, ripe for resolution.

---

[1] The amended complaint also names three additional defendants who have not yet been served. We have placed Mr. Gordon on notice of his obligation to timely serve these defendants or face Rule 4's sanction of dismissal. (Doc. 32).

2

As we consider the legal sufficiency of this amended complaint, we note that this pleading—like the plaintiff's initial complaint—demands of great deal of the reader. Liberally construed, the complaint seems to allege that the defendants have committed the torts of intentional and negligent infliction of emotional distress and have conspired to engage in this tortious conduct. While this much seems clear, what then follows is a confused and confusing narrative which tries to stitch together a series of discrete episodes involving disparate actors and events occurring at different places and times into a coherent whole. Some of these allegations are nearly fifty years old; others appear to entail more recent disputes relating to the management of the estate of the parties' deceased mother. Thus, the amended complaint documents the plaintiff's version of acrimonious exchanges between the siblings; discusses disputes concerning the storage of their deceased mother's property and the handling of utilities at her apartment; and describes squabbles concerning specific items of personal property and various documents. The matters alleged are often presented in a stream of consciousness style which seems to presume a body of pre-existing knowledge regarding the sad state of affairs in the Gordon family. Moreover, given that the gravamen of this dispute entails the dissolution of Lydia Gordon's estate, and recognizing that Lydia Gordon resided in New York, and acknowledging that her estate was probated in Westchester County New York, it is hardly surprising that virtually all of the acts alleged in the amended

complaint entail events which occurred outside our jurisdiction and venue. Further, these out-of-state events involved out-of-state actors since the defendants, Lisa Ferraro and Greg Gordon, are alleged to reside in Florida and New York.

Given this constellation of facts, as revealed in the plaintiff's *pro se* amended complaint, we will grant the motion to dismiss defendants Lisa Ferraro and Greg Gordon.

## II.    <u>Discussion</u>

### A. <u>Motion to Dismiss Under Rule 12(b)(6)—Standard of Review.</u>

The defendants have cast their motion, in part,  as a motion to dismiss for lack of subject matter or personal jurisdiction under Rules 12(b)(1) and 12(b)(2), both of which consider the power of the court to hear a case. However, in addition the defendants renew a motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir.

2008)], and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, –U.S.–, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has

5

underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 679.

Thus, following <u>Twombly</u> and <u>Iqbal</u>, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter <u>Iqbal</u>, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court

must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied,

132 S. Ct. 1861, 182 L.Ed.2d 644 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a

three-step analysis:

First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, Rule 8 of the Federal Rules of Civil Procedure also prescribes standards of pleading in federal court, stating that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Thus,

it is against these legal guideposts that we assess the legal sufficiency of this amended complaint.

## B. <u>The Amended Complaint Should Be Dismissed Under Rule 8 of the Federal Rules of Civil Procedure.</u>

At the outset, dismissal of this amended complaint is still warranted because this pleading continues to fail to comply with Rule 8's basic injunction that, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct.'" <u>Scibelli v. Lebanon County</u>, 219 F. App'x 221, 222 (3d Cir. 2007) (citing Fed.R.Civ.P. 8(e)(1)). Thus, when a complaint is "illegible or incomprehensible", <u>id.</u>, or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible", <u>Stephanatos v. Cohen</u>, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate.  <u>See, e.g.</u>, <u>Mincy v. Klem</u>, 303 F.App'x 106 (3d Cir. 2008); <u>Rhett v. New Jersey State Superior Court</u>, 260 F.App'x 513 (3d Cir. 2008); <u>Stephanatos</u>, 236 F.App'x at 787; <u>Scibelli</u>, 219 F.App'x at 222;  <u>Bennett-Nelson v. La. Bd. of Regents</u>, 431 F.3d 448, 450 n. 1 (5th Cir. 2005).

Dismissal under Rule 8 is also proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action],"

Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, 441 F.App'x 109 (3d Cir. 2011). Similarly, dismissal is appropriate in "those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. at 110 (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir.1995) (quotations omitted); see also Tillio v. Northland Grp. Inc., 456 F. App'x 78, 79 (3d Cir. 2012). Further, a complaint may be dismissed under Rule 8 when the pleading is simply illegible and cannot be understood. See, e.g., Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Moss v. United States, 329 F. App'x 335 (3d Cir. 2009) (dismissing illegible complaint); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005) (dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006) (dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) (dismissing illegible complaint).

These principles apply here and compel the dismissal of this complaint in its current form since the plaintiff's amended complaint, while strident, still all too often leaves "defendants having to guess what of the many things discussed constituted [a cause of action]." Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir.

2011). Therefore Rule 8 continues to call for dismissal of the amended complaint in its entirety.

### C. **The Plaintiff's Claims of Intentional and Negligent Infliction of Emotional Distress Fail as a Matter of Law.**

As a federal court exercising diversity jurisdiction in this case, we are obliged to apply the substantive law of Pennsylvania to this dispute. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d. Cir. 2000). In this case, to the extent that the thrust of this amended complaint can be understood, it is apparent that the plaintiff is suing his siblings for the Pennsylvania state law torts of intentional and negligent infliction of emotional distress and for conspiring to inflict severe emotional distress upon him during the course of the resolution of their mother's estate.

These torts impose high and exacting burdens of pleading and proof upon the plaintiff, burdens which we find have not been met in this case.

For example:

"To prove a claim of intentional infliction of emotional distress, the following elements must be established: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; (4) that distress must be severe." Hoy v. Angelone, 456 Pa.Super. 596, 691 A.2d 476, 482 (Pa. 1997). Extreme and outrageous conduct is conduct which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Strickland v. University of Scranton, 700 A.2d 979, 987 (Pa. Super. 1997). Generally, "the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'outrageous'!" Id. In addition, to prevail on an intentional infliction of

emotional distress cause of action, a plaintiff must provide competent medical evidence to prove the existence of emotional distress. <u>Kazatsky v. King David Memorial Park, Inc.</u>, 515 Pa. 183, 527 A.2d 988, 995 (Pa. 1987); <u>see</u> <u>Hunger v. Grand Central Sanitation</u>, 447 Pa.Super. 575, 670 A.2d 173 (Pa. Super. 1996) (holding that, to prevail on intentional infliction of emotional distress claim, a plaintiff must prove that the defendant's conduct was extreme and outrageous and that the plaintiff suffered a medically confirmed injury).

<u>La Rocco v. Harley-Davidson Motor Co. Operations, Inc.</u>, No. 1:19-CV-575, 2020 WL 12740399, at *10 (M.D. Pa. Apr. 22, 2020), <u>report and recommendation adopted sub nom.</u> <u>LaRocco v. Harley-Davidson Motor Co. Operations, Inc.</u>, No. 1:19-CV-00575, 2020 WL 12740396 (M.D. Pa. Oct. 13, 2020) (quoting <u>Doe v. Liberatore</u>, 478 F. Supp. 2d 742, 764-65 (M.D. Pa. 2007)).

Likewise, Pennsylvania law sets precise standards for the tort of negligent infliction of emotional distress.

To maintain a claim for negligent infliction of emotional distress, the plaintiff must prove one of four elements: "(1) that the Defendant had a contractual or fiduciary duty toward him; (2) that Plaintiff suffered a physical impact; (3) that Plaintiff was in a 'zone of danger' and at risk of an immediate physical injury; or (4) that Plaintiff had a contemporaneous perception of tortious injury to a close relative." <u>Doe v. Philadelphia Community Health Alternatives Aids Task Force</u>, 745 A.2d 25, 27 (Pa. Super. 2000). "Damages for negligent infliction of emotional distress will not be awarded absent a physical manifestation of the emotional distress." <u>Strain v. Ferroni</u>, 405 Pa.Super. 349, 592 A.2d 698, 703 (Pa. Super. 1991).

<u>La Rocco</u>, 2020 WL 12740399, at *11.

In the instant case, the plaintiff simply has not stated well-pleaded facts which would satisfy the elements of either of these torts. For example, in order to state a

colorable claim of intentional infliction of emotional distress, Gordon must allege well-pleaded facts which describe conduct which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." <u>Strickland v. University of Scranton</u>, 700 A.2d 979, 987 (Pa. Super. 1997). Here, while the plaintiff's averments reflect the straining of familial bonds at a time of family loss, nothing about Gordon's description of the difficulties encountered by these siblings as they navigated the death of their mother goes beyond all possible bounds of decency, is atrocious, or constitutes behavior that is utterly intolerable in a civilized society. Accordingly, this claim fails. Likewise, Gordon's description of a tense, acrimonious relationship with his siblings during the dissolution of his mother's estate simply does not satisfy the narrowly defined scope of the tort of negligent infliction of emotional distress, which requires some fiduciary relationship, physical contact of some form, and the plaintiff's presence in a "zone of danger."

Nor can the plaintiff save these otherwise infirm substantive tort claims by cloaking them in the rubric of some form of conspiracy. In order to sustain this claim Gordon may not rely upon general vague assertions of conspiratorial misconduct unadorned by specific facts. Instead:

> [T]o maintain a civil conspiracy claim, "[b]are conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy. The plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command

from which such an agreement can be inferred." <u>Flanagan v. Shively</u>, 783 F. Supp. 922, 928 (M.D. Pa. 1992). The plaintiff's allegations "must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives." <u>Id.</u> A plaintiff cannot rely on subjective suspicions and unsupported speculation. <u>Young v. Kann</u>, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

<u>Soto v. RE/MAX of Poconos</u>, No. 3:22-CV-528, 2023 WL 2352241, at *6 (M.D. Pa. Mar. 3, 2023). Furthermore, in order to state such a claim:

> The plaintiff must base his or her allegations of a civil conspiracy on an underlying tort. <u>Festa v. Jordan</u>, 803 F. Supp. 2d 319, 326 (M.D. Pa. 2011) (Caputo, J.); <u>see</u> <u>McGreevy v. Stroup</u>, 413 F.3d 359, 371 (3d Cir. 2005) (citing <u>Boyanowsky v. Capital Area Intermediate Unit</u>, 215 F.3d 396, 405 (3d Cir. 2000)). "Ultimately, 'only a finding that the underlying tort has occurred will support a claim for civil conspiracy.'" <u>Reese v. Pook & Pook, LLC</u>, 158 F. Supp. 3d 271, 292 (E.D. Pa. 2016) (quoting <u>Alpart v. Gen. Land Partners, Inc.</u>, 574 F. Supp. 2d 491, 506 (E.D. Pa. 2008) (quotation omitted)).

<u>Kretulskie v. Madison Nat'l Life Ins. Co., Inc.</u>, No. 3:18-CV-1357, 2019 WL 5866694, at *4 (M.D. Pa. Oct. 9, 2019), <u>report and recommendation adopted,</u> No. 3:18-CV-1357, 2021 WL 2478441 (M.D. Pa. June 17, 2021).

Judged by these guideposts, Gordon's civil conspiracy claim founders on at least two independent legal grounds. First, he has failed to properly allege an underlying tort. Second, his amended complaint sets forth only conclusory allegations of conspiracy which under Pennsylvania law will not suffice to allege an actionable civil conspiracy. Therefore, this claim fails.

### D. **Further Amendment of this Complaint Would Be Futile**

The defendants' motion to dismiss also raises jurisdictional objections to the pursuit of these claims in federal court. Because we have chosen to address the merits of the plaintiff's complaint, we need not reach these jurisdictional questions. However, we place the plaintiff on notice that we believe further amendment of his claims is likely futile for a related reason—in our view this is not the proper venue for litigation of these issues.

28 U.S.C. § 1391(b) defines the proper venue for federal civil cases and provides that an action should:

> [B]e brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In this case, with respect to John Gordon's claims, it is evident that neither Gregory Gordon nor Lisa Ferraro resides in this district. Rather, the plaintiff alleges that they live in New York and Florida. Further, given the matters alleged in this amended complaint it is evident  that "a substantial part of the events or omissions giving rise to the claim" appear to have taken within the venue of the federal courts in New York state. Indeed, it seems undisputed that the decedent, Lydia Gordon,

lived in New York and it is clear that her estate was probated by the New York courts. Thus, the gravamen of the plaintiff's amended complaint involves challenges to the administration of the estate of the parties' mother, Lydia Gordon, a matter which was initially resolved when the parties entered into an informal settlement of the estate in May 2023 before the Surrogate's Court of the State of New York County of Westchester. (Doc. 12-1). Indeed, the express language of the settlement agreement, signed by all parties, states that: "The Surrogate's Court of the State of New York, County of Westchester, shall retain jurisdiction over the parties for the purpose of resolving any dispute that may arise out of or in connection with the interpretation, performance, or non-performance of any of the terms and conditions of this Agreement." (Id., ₱ 17). On these facts, when one principal defendant resides in New York and "a substantial part of the events or omissions giving rise to the claim" occurred in New York, proper venue lies in New York.

This court is permitted, *sua sponte,* to raise the issue of an apparent lack of venue, provided the court gives the plaintiff notice of its concerns and an opportunity to be heard on the issue. See, e.g., Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996) ("[A] district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue"); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). In this case, through the filing of this

Memorandum, we are placing the plaintiff on notice that this complaint does not appear to allege facts that would currently give rise to venue in this court.

When it appears that a case is being pursued in the wrong venue, there are two potential remedies available to the court. First, the court may dismiss the action for lack of venue pursuant to 28 U.S.C. § 1406 and Rule 12(b)(3) of the Federal Rules of Civil Procedure. However, the court may also, in the interests of justice, provide another form of relief, one which ensures that venue is proper without prejudicing the rights of any plaintiffs. Under 28 U.S.C. § 1406:

> The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.

28 U.S.C. § 1406(a)[2]

Given the apparent lack of venue over these matters which are inextricably intertwined with estate administration issues in New York, we put the parties on notice that any further iterations of this complaint would likely be subject to dismissal or transfer. In taking this course, we recognize that "in civil rights cases

---

[2] In addition, we note that, even if venue was still somehow appropriate here, it is clear that the preferred venue for litigation of this particular case would be in New York. In such instances, 28 U.S.C. § 1404(a) also expressly provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404 (a).

*pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety unless it is clear that granting further leave to amend would be futile or result in undue delay." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (citing Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007)). However, with respect to defendants Gregory Gordon and Lisa Ferraro, the plaintiff's *pro se* complaint has now twice failed to pass muster, and it is evident that we are not the appropriate venue for litigation of this case which entails disputes arising out of the administration of the estate of a New York resident in New York state courts. Therefore, the motion to dismiss will be granted and the amended complaint will be dismissed with prejudice with respect to defendants Gregory Gordon and Lisa Ferraro.

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Date: August 29, 2025