UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN GORDON,** | : | CIV NO. 3:24-cv-1820 |
| **Plaintiff,** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **GREG S. GORDON AND LISA FERRARO, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

### I. Statement of Facts and of the Case

This case comes before us for consideration of a motion to alter our prior judgment dismissing the plaintiff's amended complaint. (Doc. 38). This litigation arises from an intrafamily estate dispute that began with the death of Lydia Gordon in May 2023. It seems that Lydia Gordon left behind three children as survivors of her estate, John Gordon, Lisa Ferraro, and Greg Gordon. These children have plainly had disagreements and disputes concerning the dissolution of their mother's estate. From these seeds of familial discord a course of acrimonious litigation has grown.

In his initial *pro se* complaint, the plaintiff, John Gordon, alleged that his siblings Lisa Ferraro and Greg Gordon engaged in a series of unlawful activities before and after the death of their mother, including "death threats, intense harassment, pressure, insidious machination, extortion, coercion, larceny, slander,

1

scorn, [and] criminal mischief," in an effort to reduce his rights and take over her estate. (Id., at 2). This prolix complaint was rife with family unhappiness but short on facts alleging a plausible cause of action upon which this Court can grant relief.

On November 19, 2024, the defendants filed a motion to dismiss the plaintiff's initial complaint. (Doc. 12). The parties consented to magistrate jurisdiction and this case was referred to the undersigned on April 24, 2025. Upon consideration, we agreed that the complaint, as pleaded, was simply too vague and unclear to determine whether a cause of action exists. Moreover, we noted that the parties executed an agreement to settle the Estate of Lydia Gordon on November 29, 2023, the terms of which require challenges to the agreement to be litigated in state court. Accordingly, we granted the defendants' motion to dismiss without prejudice to this *pro se* plaintiff filing an amended complaint clarifying his causes of action and the basis of jurisdiction in this Court. (Docs. 16, 17).

John Gordon then filed an amended complaint, (Doc. 21), which inspired yet another motion to dismiss by defendants Lisa Ferraro and Greg Gordon. (Doc. 23). This amended complaint—like the plaintiff's initial complaint--demanded of great deal of the reader. Liberally construed, the complaint seemed to allege that the defendants committed the torts of intentional and negligent infliction of emotional distress and have conspired to engage in this tortious conduct. While this much seemed clear, what then followed was a confused and confusing narrative which

tried to stitch together a series of discrete episodes involving disparate actors and events occurring at different places and times into a coherent whole. Some of these allegations were nearly fifty years old; others appeared to entail more recent disputes relating to the management of the estate of the parties' deceased mother. Further, the matters alleged were often presented in a stream of consciousness style which seems to presume a body of pre-existing knowledge regarding the sad state of affairs in the Gordon family. Moreover, given that the gravamen of this dispute continued to entail the dissolution of Lydia Gordon's estate, recognizing that Lydia Gordon resided in New York, and acknowledging that her estate was probated in Westchester County New York, virtually all of the acts alleged in the amended complaint involved events which occurred outside our jurisdiction and venue. Given this constellation of facts, as revealed in the plaintiff's *pro se* amended complaint, we granted the motion to dismiss defendants Lisa Ferraro and Greg Gordon. (Docs. 35, 36).

Gordon has now invited us to reconsider this ruling. (Docs. 38, 40). The plaintiff's motion to reconsider is a curious document, largely devoid of any legal citation or analysis. Instead, it contains a strange factual narrative which begins in 1963 when the plaintiff was four and one half years old. According to Gordon, commencing in 1963 as a child he was exposed to what he recalls as a catalogue of horribles including: being "hit in the eye with [a] meat tenderizing hammer;" being "put on top of the balcony by my father 70 feet above a concrete landing balancing;"

3

having his mother "put DDT Dichlorodiphenyltrichloroethane into my food source," an event which led to Gordon being "known as 'the boy who ate the rat;'" and being "raped three times separate individuals proximally 1970-2." (Doc. 40, at 7-8).

While these events that Mr. Gordon believes he experienced some fifty to sixty years ago doubtless continue to haunt him, we are constrained to note that they are both temporally and topically remote from the gist of his current complaint which relates to the New York state court administration of his mother's estate. Moreover, the fact remains that these state court estate administration disputes were resolved through a settlement. Given these immutable facts, we continue to believe that dismissal of this case without prejudice to Gordon pursuing these matters in some other, more appropriate legal forum is the proper course of action. Accordingly, this motion to alter judgment, (Doc. 38), will be DENIED.

## II. Discussion

Gordon has moved to alter our judgment dismissing this case pursuant to Rule 59 of the Federal Rules of Civil Procedure. The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Therefore, it is well settled that:

> [A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an

4

intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [to dismiss]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995).

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). See Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Applying these exacting legal benchmarks, we note at the outset that Mr. Gordon has identified no intervening change in the law which calls for

5

reconsideration of our prior decision dismissing this case. Nor has he cited any new evidence which was previously unavailable to the court. Indeed, to the extent that the plaintiff cites to factual matters, those matters relate to events which Gordon believes took place half a century ago. These recollections of matters long past simply cannot be considered newly discovered evidence.

Moreover, as a factual matter, the gravamen of the plaintiff's amended complaint remains unchanged and continues to involve challenges to the administration of the estate of the parties' mother, Lydia Gordon. In this regard, we note that these disputes were initially resolved when the parties entered into an informal settlement of the estate in May 2023 before the Surrogate's Court of the State of New York County of Westchester. (Doc. 12-1). Indeed, the express language of the settlement agreement, signed by all parties, states that: "The Surrogate's Court of the State of New York, County of Westchester, shall retain jurisdiction over the parties for the purpose of resolving any dispute that may arise out of or in connection with the interpretation, performance, or non-performance of any of the terms and conditions of this Agreement." (Id., ¶ 17). Thus, it is clear beyond peradventure that further litigation of these estate disputes is a matter expressly consigned to the jurisdiction of the Surrogate's Court of Westchester County New York. Therefore, intervention by this Court is neither necessary nor appropriate.

Finally, while we do not in any way diminish Mr. Gordon's personal sense of

grievance stemming from a host of events which he believes occurred decades ago in New York, the plaintiff's motion simply does not demonstrate that there is a need to correct a clear error of law or fact in order to prevent manifest injustice in this case. Accordingly, Mr. Gordon has not met the precise thresholds set by law for a motion to reconsider, and this motion will be DENIED.  Of course, nothing in our ruling prevents Mr. Gordon from presenting his concerns directly to the court which has expressly retained jurisdiction of the estate of his late mother, the Surrogate's Court of Westchester County New York

    An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Date: October 8, 2025

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN GORDON,** | : | CIV NO. 3:24-cv-1820 |
| **Plaintiff,** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **GREG S. GORDON AND LISA FERRARO, et al.,** | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 8th day of October 2025, for the reasons set forth in the accompanying Memorandum, IT IS ORDERED that the plaintiff's motion to alter judgment, (Doc. 38), is DENIED.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
